| | |
|---|---|
| DONNELL BLEDSOE,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK; MARK ZUCKERBERG,<br><br>Defendants. | No. 2:18-cv-2756-JAM-EFB PS<br><br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 3. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to establish subject matter jurisdiction over his various state law claims, and it must therefore be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff brings this action against Facebook, Inc. and its CEO, Mark Zuckerberg, alleging state law claims for negligence and breach of contract. ECF Nos. 1, 2. The complaint alleges that in 2017, plaintiff's "Facebook account was hacked for almost a month." ECF No. 2 at 1. Plaintiff reached out to Facbook's technical support team regarding this matter, but was provided no assistance. *Id*. When he finally was able to regain access to his account, plaintiff discovered that four months of his data had been deleted. *Id*. Among the deleted data was "an 8 year Documentary with Facebook," which plaintiff believes Facebook has sold "to the highest bidder on the black market." *Id*.

The complaint, however, fails to establish subject matter jurisdiction over plaintiff's claims. Federal question jurisdiction is lacking as plaintiff only alleges state law claims. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States). Furthermore, the complaint fails to demonstrate complete diversity of the parties necessary to confer diversity jurisdiction. *See Bautista*, 828 F.2d at 552 (to establish diversity jurisdiction, a plaintiff must specifically allege

the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).
Although plaintiff alleges that he resides in Stockton, California, the complaint is silent as to the defendants' citizenship.[2] Accordingly, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

Plaintiff is granted leave to file an amended complaint, if he can allege a basis for this court's jurisdiction, as well as a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

---

[2] It is worth noting that several district courts have found that Facebooks is a citizen of California because its principle place of business is located in Palo Alto, California. *See, e.g., Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 832 (S.D.N.Y. 2012) "Facebook is a Delaware corporation with its principle place of business in Palo Alto."); *E.K.D. ex. Rel. Dawes v. Facebook, Inc.*, 885 F. Supp. 894, 897 n.1 (S.D. Ill. 2012) (finding that Facebook is a citizen of California); *Dennis v. Zuckerberg*, 2017 WL 3873761, at * n.1 (N.D. Ohio Sept. 5, 2017) ("Facebook is a Delaware corporation with its principle place of business in California, and Mr. Zuckerberg is a citizen of California.").

3

Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 3) is granted.
2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: September 30, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE