UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK; MARK ZUCKERBERG,<br><br>    Defendants. | No. 2:18-cv-2756-JAM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

The court previously granted plaintiff's application to proceed *in forma pauperis*, but dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 5. Plaintiff was granted leave to file an amended complaint. Shortly after filing a first amended complaint, plaintiff filed a second amended complaint which is screened herein. ECF No. 7. As discussed below, the second amended complaint fails to state a claim and must also be dismissed.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

      Plaintiff brings this action against Facebook, Inc. and its CEO, Mark Zuckerberg, but the second amended complaint is filled with fanciful allegations that have little relation to plaintiff's dispute with defendants.[1]  Setting aside those allegations, the crux of the operative complaint is that plaintiff's Facebook account was hacked, resulting in four months of his posts being deleted. ECF No. 7 at 3.  Plaintiff allegedly contacted Facebook about the issue and was notified that his account was hacked by someone in Russia. *Id*.  He also claims that Facebook sold his personal information "to the highest bidder on the black market," which is how his "story got sold to CBS Television Network." *Id*. at 2-3.  He further claims Facebook "transmitted by wiretap" a picture of him, which was subsequently used on a television show. *Id*. at 4.  Plaintiff claims that Facebook breached its agreement to keep his data secure, and he requests defendants be ordered to give him the four months of data that was deleted. *Id*. at 3-4.  The second amended complaint

---

[1] For instance, plaintiff alleges he is "currently a master (angel) 22 a spiritual level because of wisdom (spiritual awaken) highest level on charts and on the Pyramid." ECF No. 7 at 2.  As another example, plaintiff alleges he "inherited the King of the South through Bloodline," that he is "a prophet," and that his name "stands for the number eleven [which] also stands for Egypt." *Id*. at 6.

purports to assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and for breach of contract.

"To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Intern., LP*, 300 F.3d 1083, 1086 (9th Cir. 2002). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). Plaintiff has not sufficiently alleged that he sustained an injury to his business or property as a result of defendants' conduct. Nor has he adequately alleged that defendants engaged in a pattern of racketeering activity by performing at least two specific predicate acts. *Pineda v. Saxon Mortgage Services*, 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim but rather, plaintiff must give each defendant notice of the particular predicate act it participated in and must allege each predicate act with specificity). Accordingly, plaintiff fails to state a civil RICO claim.

Plaintiff's remaining cause of action is a state law claim for breach of contract. But plaintiff has yet to assert a properly pleaded federal cause of action which precludes supplemental jurisdiction over the state law claims. *Se*e 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction...."). Further, plaintiff fails to establish diversity of citizenship that could support diversity jurisdiction over the state law claim. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.). In fact, the second amended complaint indicates plaintiff resides in Stockton, California, defendant Zuckerberg is a citizen of California, and that defendant Facebook's principal place of business is in California. ECF No. 7 at 1; *see* 28 U.S.C.

3

1  § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by
2  which it has been incorporated and of the State or foreign state where it has its principal place of
3  business").

4   Accordingly, plaintiff's second amended complaint must be dismissed for failure to state a
5  claim. Further, the court finds that granting further leave to amend would be futile. Plaintiff has
6  already been afforded an opportunity to amend, and his allegations continue to fall far short of
7  stating a cognizable claim. Consequently, it is recommended that the dismissal be without further
8  leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court
9  ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it
10  appears amendment would be futile).

11   Accordingly, it is hereby RECOMMENDED that plaintiff's second amended complaint
12  (ECF No. 7) be dismissed without leave to amend, and the Clerk be directed to close the case.

13   These findings and recommendations are submitted to the United States District Judge
14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
15  after being served with these findings and recommendations, any party may file written
16  objections with the court and serve a copy on all parties. Such a document should be captioned
17  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
18  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
19  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
20  DATED: July 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE